Filed 9/10/14  In re Christensen CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re SCOTT ANDREW CHRISTENSEN<br><br>on Habeas Corpus. | G049928<br><br>(Super. Ct. Nos. 06SF0747,<br> 09CF0222)<br><br>O P I N I O N |

Original proceedings; petition for a writ of habeas corpus to challenge a judgment of the Superior Court of Orange County, Gary S. Paer, Judge.  Petition denied.

Law Offices of Ronald A. Ziff, Ronald A. Ziff and Abby Besser Klein for Petitioner.

No appearance for Respondent.

\*          \*          \*

Petitioner Scott Andrew Christensen was convicted of multiple counts of lewd acts upon a child under the age of 14 (Pen. Code, § 288, subd. (a)) and sentenced to 27 years to life. In his petition for a writ of habeas corpus, petitioner argues he was denied effective assistance of counsel because his counsel: (1) failed to pursue his speedy trial rights; (2) agreed to the exclusion of evidence that he had already been convicted with respect to an uncharged offense; and (3) failed to object to prosecutorial misconduct. The petition is denied.

I

FACTS

Petitioner also has filed an appeal from the judgment against him (*People v. Scott Andrew Christensen* (Sept. 10, 2014, G048615, G048616) __ Cal.App.4th __ (Companion Appeal). The facts of this case are set forth more fully in the opinion in the Companion Appeal, being filed concurrently herewith.

II

DISCUSSION

A. *Request for Judicial Notice:*

In the body of his petition, petitioner requests this court to take judicial notice of the record in the Companion Appeal. That request does not comply with California Rules of Court, rule 8.252. (*Kinney v. Overton* (2007) 153 Cal.App.4th 482, 497, fn. 7.) However, by order of July 18, 2014, we notified the prosecution that this court, on its own motion, intended to take notice of the record in the Companion Appeal. No objection having been received, we hereby take judicial notice of the record in the Companion Appeal.

*B. General Principles:*

"The legal principles relevant to [a] claim [of ineffective assistance of counsel] are well settled. 'To establish ineffective assistance of counsel, a petitioner must demonstrate that (1) counsel's representation was deficient in falling below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient representation subjected the petitioner to prejudice, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the petitioner. [Citations.] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." [Citation.]' [Citation.]" (*In re Jones* (1996) 13 Cal.4th 552, 561.)

"Our review of counsel's performance is a deferential one. [Citation.] 'It is all too tempting for a defendant to secondguess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. [Citation.] A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." [Citation.]' [Citation.] 'However, "deferential scrutiny of counsel's performance is limited in extent and indeed in certain cases may be altogether unjustified. '[D]eference is not abdication' [citation]; it must never be used to insulate counsel's performance from meaningful scrutiny and thereby automatically validate challenged acts or omissions."' [Citations.] 'Otherwise, the constitutional right

3

to the effective assistance of counsel would be reduced to form without substance.' [Citation.]"  (*In re Jones*, *supra*, 13 Cal.4th at pp. 561-562.)

*C.  Speedy Trial:*

A mistrial with respect to the Joshua counts in the original lawsuit was declared on April 9, 2008.  Petitioner says he was denied effective assistance of counsel when his attorney waived time for a speedy trial and the retrial was set for June 23, 2008.  This is because a third victim, Zachary, came forward in August 2008, after the deadline for the speedy trial.  Had the retrial of the Joshua counts taken place before the speedy trial deadline, petitioner would not have been subject to the multiple victim enhancement of 15 years to life.  (Pen. Code, § 667.61, subd. (b).)  Petitioner asserts that any competent counsel should have known of the risk that another victim would come forward before the retrial took place.

In support of his claim of ineffective assistance of counsel on this point, petitioner provides the declaration of Attorney Leonard Levine, who states:  "Any reasonably competent counsel who represents those individuals accused of child molestation knows that any time there is a prosecution of allegations involving school students, the ever present risk is that another student, or more, aware now of the prosecution, or as the result of continued attempts by law enforcement to interview more students in the same class or grade as the current victims, would come forward.  Of course, if and when that occurred, the prosecution would immediately file charges, hoping to join the cases, and file the feared enhancement requiring a life imprisonment sentence if convicted."

We disagree with the assertion that defense counsel should have had the prescience to know another victim was out there and might come forward before the retrial of the Joshua counts.  We do not second guess an attorney's actions in hindsight. (*In re Jones*, *supra*, 13 Cal.4th at p. 561.)

4

*D. Exclusion of Evidence of Conviction:*

In our opinion in the Companion Appeal, we discussed at length the fact that the court, on retrial of the Joshua counts, granted the prosecution's Evidence Code section 1108 motion to admit evidence of the offenses against Spencer. The court had expressed an intention to exclude evidence of the convictions, and defense counsel agreed it was important that the jury not find out about the convictions.

In his petition, defendant claims it was ineffective assistance of counsel to agree to the exclusion of evidence of the convictions, because without knowing whether or not defendant had been convicted of the Spencer offenses, the jurors would be tempted to punish defendant for that conduct in the retrial. Indeed, this possibility has been identified as a factor to be taken into consideration in determining whether to grant an Evidence Code section 1108 motion. (*People v. Branch* (2001) 91 Cal.App.4th 274, 280, 284.) Petitioner argues: "There is a reasonable probability that, had the jury known of Petitioner's conviction on the uncharged Spencer S. offenses, a more favorable outcome would have been realized . . . ."

The trial court's concern would appear to have been the opposite—that were the jury made aware that Petitioner was a convicted child molester, it would have been more likely to convict him of the counts with respect to the other victims as well. We agree with this concern. There was no perfectly safe or obvious tactic to take. There was one risk if the jury was informed that defendant was a convicted child molester and another if the jury was left to wonder if petitioner had been convicted on the Spencer counts.

As the Supreme Court has observed, "'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." [Citation.]' [Citation.]" (*In re Jones*, *supra*, 13 Cal.4th at p. 561.)

5

*E. Prosecutorial Misconduct:*

As we discussed in our opinion in the Companion Appeal, defense counsel made remarks in his closing argument to the effect that while petitioner was "a child molester," that did not mean he was "guilty of all the child molests ever that happened at this school." The prosecution, during rebuttal closing argument, responded: "Are we going to try him as if he molested all the other kids at the school? That's not for you to consider. It's improper for you to consider. There could be 15 victims out there; there could be 2. There's only 2 before you. Don't worry about the other stuff. That's improper." Defense counsel did not object to these remarks.

In our opinion in the Companion Appeal, we chose to address the prosecutorial misconduct issues despite the fact that defense counsel did not object to the remarks, and therefore waived any challenge to them. We quoted *People v. Berryman* (1993) 6 Cal.4th 1048 (overruled on another ground in *People v. Hill* (1998) 17 Cal.4th 800, 822-823, & fn. 1), for the proposition that "when we consider each of the challenged comments in its context, we simply cannot conclude that the prosecutor used a method to persuade the jury that was 'deceptive' or reprehensible.'" (*People v. Berryman*, *supra*, 6 Cal.4th at p. 1072.) We held that there was no prosecutorial misconduct. That being the case, there was no ineffective assistance of counsel for failure to object to the prosecution's statements at the time of trial.

MOORE, ACTING P. J.

WE CONCUR:

IKOLA, J.

THOMPSON, J.

6